UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERNESTO MIGUEL HEREDIA,<br><br>Plaintiff,<br><br>v.<br><br>THE HERTZ CORPORATION,<br><br>Defendant. | Case No.18-cv-00870-VKD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 11 |

Pro se plaintiff Ernesto Heredia sues The Hertz Corporation ("Hertz") for allegedly refusing to hire him because of his age. Pursuant to Fed. R. Civ. P. 12(b)(6), Hertz now moves to dismiss the complaint without prejudice, arguing that Mr. Heredia fails to state a claim for relief. Additionally, Hertz contends that dismissal is warranted on the grounds that the complaint is malicious and frivolous within the meaning of 28 U.S.C. § 1915(e). Further, Hertz requests that the Court *sua sponte* revoke Mr. Heredia's *in forma pauperis* (IFP) status. The period for briefing on Hertz's motion has closed. Civ. L.R. 7-3(a), (c). Although the docket indicates that defendant duly served its motion papers on Mr. Heredia by mailing them to the address he provided as his contact information (Dkt. No. 13), Mr. Heredia has not opposed or otherwise responded to the motion.

This matter is suitable for determination without oral argument, and the June 26, 2018 hearing is vacated. Civ. L.R. 7-1(b). Upon consideration of the papers presented, the Court grants the Fed. R. Civ. P. 12(b)(6) motion to dismiss with leave to amend, but otherwise denies the

remainder of Hertz's motion.[1]

## I. BACKGROUND

According to Mr. Heredia's form complaint, in September 2017, he applied for a driver position with Hertz. Shortly after, he received an email from a Hertz human resources employee "advising [him] of [his] scheduled interview on September 16, 2017." Dkt. 1 at 2:6-7. However, Mr. Heredia says that he "was never contacted by [Hertz]." *Id*. at 2:8. Nevertheless, the complaint goes on to allege that Mr. Heredia was interviewed on September 16, 2017 by a Hertz employee who said she would "contact [him] within a week" and that the employee "did contact [him] about the job." *Id*. at 2:22-24. Mr. Heredia says Hertz did not hire him, and he "believe[s] that [he] was discriminated against because of [his] age 47 in violation of [his] rights as protected by the discrimination in Employment Act of 1967 as amended." *Id*. at 2:17-20.

When he filed this lawsuit, Mr. Heredia applied for, and was granted, leave to proceed IFP. Dkt. No. 2, 4.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id*. (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id.*

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, only plausible claims for relief will survive a motion to dismiss. *Iqbal*, 556 U.S. at 679. A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.

Documents appended to the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

When the Court is evaluating a pro se complaint, it must construe the allegations liberally, and dismissal without leave to amend is proper only if "it is absolutely clear" that defects cannot be cured by amendment. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

## III. DISCUSSION

Liberally construing Mr. Heredia's allegations, the complaint indicates that he claims discrimination under the Age Discrimination in Employment Act (ADEA) of 1967, 29 U.S.C. §§ 621, *et seq.* Under the ADEA, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." *Id*. § 623(a)(1). In the failure to hire context, a plaintiff establishes a *prima facie* case of intentional discrimination under the ADEA if he demonstrates that (1) he was within the protected class of individuals (at least forty years of age); (2) he applied for a position for which he was qualified, and (3) the position was given to a younger person with similar qualifications. *Cotton v. City of Alameda*, 812 F.2d 1245, 1248 (9th Cir. 1987).

Mr. Heredia fails to allege a plausible claim for age discrimination. Although he says that he is 47 years old and was not selected for the driver position, he fails to allege any facts supporting a reasonable inference that Hertz did not hire him because of his age. At most, his

3

Northern District of California

complaint suggests that a Hertz employee said she would contact him within a week after his interview, but did not do so. Hertz points out that Mr. Heredia's allegations are inconsistent because the complaint actually says that the Hertz employee "*did* contact [Mr. Heredia] about the job." Dkt. No. 1 at 2:23-24 (emphasis added). Even assuming that was a mistake on Mr. Heredia's part, and that he meant to say the employee did *not* contact him, the complaint is devoid of factual allegations supporting a viable claim of discrimination. Mr. Heredia says he "believe[s]" Hertz did not hire him because of his age. *Id*. at 2:17-18. However, that belief, without any supporting facts, is speculative and insufficient to state a plausible claim for relief. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). The Court therefore grants Hertz's Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted.

Having dismissed the complaint pursuant to Fed. R. Civ. P. 12(b)(6), the Court does not find it necessary to determine whether the complaint is also subject to dismissal under 28 U.S.C. § 1915 on the ground that the complaint is frivolous or malicious within the meaning of that statute. Nevertheless, the Court will address that issue to the extent Hertz also might be understood to argue that the complaint should be dismissed without leave to amend on that basis, and because Hertz requests that the Court revoke Mr. Heredia's IFP status for much the same reason.

Federal Rule of Civil Procedure 15(a) provides that the Court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). While the decision whether to grant leave to amend is a matter within the Court's discretion, the Court must be guided by the underlying purpose of Rule 15 to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (internal quotations and citation omitted). As noted above, dismissal of a pro se complaint generally is proper only if "it is absolutely clear" that defects cannot be cured by amendment. *Lucas*, 66 F.3d at 248.

As discussed above, when Mr. Heredia filed this lawsuit, he was given leave to proceed IFP. A court may authorize the commencement of a civil action IFP if the court is satisfied that the applicant cannot pay the requisite filing fees. 28 U.S.C § 1915(a)(1). In evaluating an IFP

4

application, the court should "gran[t] or den[y] IFP status based on the applicant's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous." *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984). A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Under 28 U.S.C. § 1915, claims filed *in forma pauperis* may be dismissed at any time where the court determines that the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i); *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L.Ed.2d 338 (1989). This provision is "designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke*, 490 U.S. at 327. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Id.* at 325. Courts have dismissed a complaint as malicious when the litigation merely repeats prior or pending litigation. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) ("There is no abuse of discretion where a district court dismisses under § 1915(d) a complaint "that merely repeats pending or previously litigated claims.") (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)); *Lockhart v. Oakland Police Dep't*, No. C10-05483 WHA (PR), 2010 WL 5387500 at *1 (N.D. Cal., Dec. 22, 2010 ("Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. 1915 as malicious. This is true even where the new complaint repeats the same claims but against new defendants.") (citation omitted)).

Here, Hertz requests that the Court take judicial notice of documents from other judicial proceedings, including the docket sheets from ten lawsuits filed in the Santa Clara County Superior Court, as well as pleadings and orders filed in eight matters in this Court. Dkt. No. 12, Request for Judicial Notice ("RJN"), Exs. A-X. Generally, in ruling on a motion to dismiss, the court is limited to the material contained in the complaint. However, the court may take judicial

notice of "matters of public record" without converting a motion to dismiss into one for summary judgment. Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). "On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Lee*, 250 F.3d at 690 (quoting *S. Cross Overseas Agencies. Inc. v. Wah Kwong Shipping Grp., Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999)). The Court grants Hertz's request for judicial notice of these documents for the purpose of noticing the existence of the other lawsuits, the fact that various documents were filed therein, the claims made in those actions, and the existence of the courts' opinions rendered.

Hertz's documents indicate that, in the past three years, Mr. Heredia has filed eighteen federal and state lawsuits for alleged employment discrimination. RJN, Exs. A-X. Noting that many of Mr. Heredia's complaints contain similar factual allegations and that most of Mr. Heredia's lawsuits ultimately were dismissed for failure to appear in court or to comply with court orders (RJN, Exs. C-E, L-M, U-V), Hertz contends that the complaint now before this Court must be dismissed without leave to amend because it is both frivolous and malicious.

Hertz points to orders in which several judges in this district dismissed Mr. Heredia's complaints without leave to amend, finding that they were maliciously filed. *See* Case No. 5:16-cv-06777-HRL *Heredia v. West Valley Staffing Group*; Case No. 5:17-cv-02253-SVK *Heredia v. West Valley Staffing Group*; Case No. 5:17-cv-02254-HRL *Heredia v. West Valley Staffing Group*. RJN, Exs. G, H, J. A review of the Court's own records reveals one additional matter where the presiding judge reached the same conclusion. *See* Case No. 5:18-cv-01236-BLF *Heredia v. West Valley Staffing Group*, Dkt. 7. Of particular note, says Hertz, is the decision in Case No. 5:16-cv-06777-HRL, where the court concluded that Mr. Heredia filed the action maliciously and abused the judicial process. RJN, Ex. J.

While each of these decisions noted that Mr. Heredia filed number of lawsuits against various staffing agencies, all of the cases Hertz highlights concern one staffing agency in particular: West Valley Staffing Group. In addition to the number of suits filed against that staffing agency, the court found that Mr. Heredia had sent no less than twenty-six communications

to defense counsel, including profanity and gender-, race-, national origin- and sexual-orientation-based insults, as well as a threat to continue to file additional federal and state lawsuits against West Valley Staffing Group, unless that defendant paid Mr. Heredia $3,500.00. RJN Ex. J. These *West Valley Staffing Group* decisions also state that Mr. Heredia continued to file lawsuits asserting similar allegations against that defendant, without attempting to address issues (including the failure to state a claim for relief) that the court identified in prior litigation. *See* Case No. 5:18-cv-01236-BLF *Heredia v. West Valley Staffing Group*, Dkt. No. 7.

Although this Court observes that Mr. Heredia has filed numerous lawsuits here, there is no indication that his behavior in this action rises to the level of that in the *West Valley Staffing Group* cases. While Mr. Heredia's complaint, as pled, does not state a claim for relief under the ADEA, the Court does not find the complaint frivolous under 28 U.S.C. § 1915 because it arguably may have a basis in law or fact. Given that Mr. Heredia is proceeding pro se, and because it is not clear that the deficiencies of his complaint could not be cured by amendment, this Court denies Hertz's request to revoke Mr. Heredia's IFP status and will give him leave to amend.

## ORDER

Based on the foregoing, the Court grants Hertz's Fed. R. Civ. P. 12(b)(6) motion to dismiss the complaint for failure to state a claim for relief, but denies Hertz's motion in all other respects. Mr. Heredia is given leave to file an amended complaint as to the existing claim against Hertz. Mr. Heredia must file his amended pleading by **July 12, 2018**. Mr. Heredia may not add new or different claims or parties to an amended complaint without first seeking leave of Court.

**IT IS SO ORDERED.**

Dated: June 22, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge